IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02675-WDM-MJW

DPHI, INC.,

Plaintiff,

v.

MEDIATEK, INC.,

Defendant.

---

**ORDER TO SHOW CAUSE**
**and**
**ORDER RESETTING SCHEDULING/PLANNING CONFERENCE**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by Senior Judge Walker D. Miller on December 11, 2008. (Docket No. 4).

This action was commenced on December 9, 2008. (Docket No. 1). Nevertheless, the plaintiff has not yet filed proof that it has served the defendant.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). Furthermore, Rule 41(b) provides in pertinent part:

>If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In addition, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . .(C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

>(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>(iii) striking pleadings in whole or in part;
>
>(iv) staying further proceedings until the order is obeyed;
>
>(v) **dismissing the action or proceeding in whole or in part**;
>
>(vi) rendering a default judgment against the disobedient party; or
>
>(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Based upon the foregoing, it is hereby

**ORDERED** that on **April 17, 2009, at 9:00 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held at which the plaintiff shall show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 4(m), 16(f), and/or 41(b) for failure to serve and

failure to prosecute. It is further

**ORDERED** that the plaintiff shall forthwith serve the defendant and file with the court proof of such service. It is further

**ORDERED** that the Rule 16 Planning/Scheduling Conference is reset to **April 17, 2009, at 9:00 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. The proposed scheduling order shall be submitted on or before **April 13, 2009.** Absent exceptional circumstances, no request for rescheduling any appearance in this court will be entertained unless a written request is made five (5) business days in advance of the date of appearance. The parties shall comply with all of the provisions of this court's Order Setting Scheduling/Planning Conference filed on January 8, 2009. (Docket No. 5). Plaintiff shall ensure that the defendant is served with a copy of that Order and today's Order.

Dated:   February 20, 2009          s/ Michael J. Watanabe
         Denver, Colorado           Michael J. Watanabe
                                    United States Magistrate Judge